ICHABOD MACOMBER vs. HENRY W. WEEKS & Trustees.

An assignment under *St.* 1836, *c.* 238, is not made void by the assignor's giving a
   preference to particular creditors immediately before the execution of the assign-
   ment, although he afterwards makes those preferred creditors his assignees.
Property which is illegally transferred, for the purpose of giving a preference to a credi-
   tor, by a debtor who afterwards makes an assignment under *St.* 1836, *c.* 238, falls
   into the general fund assigned for the benefit of all his creditors ; and therefore the
   preferred creditor cannot be charged as trustee of the debtor, in the process of
   foreign attachment sued out by a single creditor.

IT appeared from the answers of John Kilton and Stephen
Sibley, who were summoned as trustees of Weeks, the prin-
cipal defendant, that Weeks, on the 22d of December 1837,
assigned to them all his property, for the benefit of his creditors,
pursuant to *St.* 1836, *c.* 238 : That, at the time of the assign-
ment, Weeks owed Kilton $ 400, and Sibley $ 403·65, in-
cluding Sibley's liabilities as indorser for Weeks : That on the
day next before the assignment was made, Weeks delivered
goods to Kilton, as security for said debt of $ 400 ; and that on
the day when the assignment was made, but before the making
thereof, Weeks delivered goods to Sibley, of the value of
$ 151·28, as collateral security for Sibley's liabilities aforesaid :
That Kilton sold the goods, so delivered to him, for $ 380·60,
and applied the proceeds towards payment of said debt of $ 400 :
That Sibley sold part of the goods so delivered to him, and
held the proceeds as security as aforesaid, and that the residue
of said goods remained in his hands, for the same purpose.

It also appeared from a deposition filed in the case, that "a
day or two before Weeks made his assignment," he delivered
goods to his clerk, of the value of about $ 100 who received

MARCH TERM 1842. 513

Macomber v. Weeks & Trustees.

them in payment of what Weeks owed him, and was then in formed by Weeks that he was embarrassed and about to fail.

*E. Smith*, for the plaintiff.

*G. T. Bigelow*, for the trustees.

DEWEY, J.   The supposed trustees admit that they have received certain property of Weeks, the principal debtor, but insist that they have a legal right to retain it.   Their answers disclose, as the grounds of their claim to retain this property, that as to a small portion of it, they individually acquired title to certain distinct parts thereof, by a transfer to them individually, by way of security for their private debts against said Weeks, and as security for liabilities assumed by one of them ; and that all the property of said Weeks, which has come into their possession, and not thus held by them in their own right, was legally transferred to them as the assignees of said Weeks, for the benefit of all his creditors, under the provisions of *St.* 1836, *c.* 238 ; and being thus conveyed to them, that it was discharged from all liability to attachment in their hands by the trustee process.

The plaintiff denies the validity of all these various transfers, insisting that the conveyances to the supposed trustees, for their individual debts and liabilities, were in fraud of the rights of other creditors, being made by the debtor in view of making a general assignment, and for the purpose of giving preference to particular creditors and sureties ; and that the effect of making such preferences must be to render the general assignment invalid.

It is not contended that any preferences are made or declared upon the face of the general assignment, or that this assignment does not, in form, correspond with the provisions of the statute. If invalid, it is so by reason of transfers evidenced by other agreements.   But we have no sufficient evidence before us to authorize us to treat these conveyances, or transfers, as executed simultaneously with, and in fact constituting a part of the contract of assignment for all the creditors, as was the case of *Perry* v. *Holden*, 22 Pick. 269.   The case finds no facts authorizing any such inference ; and taking it most strongly against the trustees, it presents only the case of a debtor who has, in

contemplation of making an assignment of his property under *St.* 1836, *c.* 238, transferred a portion of his property to one creditor, and thus given him a preference.

But such preference will not impair the right of the assignees to hold the assigned property for the benefit of all the creditors, although it may deprive the insolvent debtor of the right to a legal discharge from his debts due to his creditors who become parties to the assignment. This principle has been directly settled in several cases. In *Fairbanks* v. *Haynes*, 23 Pick. 323, it was held that the giving of such preference anterior to the making of a general assignment does not render such assignment void. In *Brown* v. *Foster*, 2 Met. 152, the same doctrine was declared by the court. Nor does it differ the case, that the preference may have been made to one afterwards created an assignee by the general assignment ; for such assignees hold only in trust for others, and the interest of those for whom they thus hold ought not to be affected by the anterior acts of the assignees in which the *cestui que trusts* did not participate, and of which they had no knowledge. *Woodward* v. *Marshall*, 22 Pick. 469.

It was however further contended for the plaintiff, that although the general assignment might be good and effectual to pass all the property of Weeks, which was not previously assigned, yet the supposed trustees ought to be charged for the property transferred to them previous to the making of the general assignment, as such transfer was in violation of the insolvent law of 1836.

We have not found it necessary to consider or decide upon the validity of the transfers made anterior to the assignment, because in no event can the property transferred by those conveyances be made available to the plaintiff, in this process. If the property thus transferred was legally transferred to the individuals now claiming to hold it, then the possession of this property cannot charge them as trustees of Weeks. If, on the other hand, such transfers were illegal, being in fraud of creditors and in violation of the provisions of the statute of 1836, then no property passed by them, and the property thus attempted to be conveyed falls into the general fund, assigned for the

benefit of the creditors generally. Taking either view of the character of the anterior transfers, it is quite obvious, therefore, that they furnish no ground for charging the supposed trustees, as holding any goods, effects or credits of Weeks, liable to the trustee process.

*Trustees discharged.*